AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| ALBIN EGIDIO MIRANDA VELASQUEZ | ) | 6:25-mj- 1207 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___February 26, 2025___ in the county of ___Volusia___ in the
___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Steven Lee*

*Complainant's signature*

SA Steven Lee, CBP

*Printed name and title*

Sworn to before me over the telephone or
reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: ___2/27/2025___

City and state: ___Orlando, Florida___

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**STATE OF FLORIDA**                              **CASE NO. 6:25-mj-** 1207

**COUNTY OF VOLUSIA**

<u>**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**</u>

I, Steven Lee, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1.      I am a U.S. Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS).  I have been so employed since August 23, 2010.  I am currently assigned to the Orlando, Florida U.S. Border Patrol Station.  In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code.  I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2.      The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records.  Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation.  Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal re-entry.

3.    On February 26, 2025, the Florida Highway Patrol (FHP) contacted the Orlando Border Patrol Station in reference to the defendant MIRANDA-Velasquez, Abin Egidio.  MIRANDA-Velasquez was the subject of a traffic investigation by FHP in Volusia County. During their investigation, officers gathered personal identifying information (name, date of birth, place of birth, etc.) from MIRANDA-Velasquez.  This information was then shared with CBP.

4.    CBP record checks on his biographical information confirmed that he is a citizen and national of Guatemala with no lawful immigration status in the United States.  MIRANDA-Velasquez has an alien file, under his unique alien number, containing all his immigration history.  Fingerprints in that file match the processed fingerprints of MIRANDA-Velasquez conducted at the Orlando Border Patrol Station.

5.    Documents in the alien file show that MIRANDA-Velasquez was arrested by the U.S. Border Patrol on June 21, 2012, and was ordered deported/removed from the United States to Guatemala by a Designated Official on June 22, 2012.  MIRANDA-Velasquez was then physically deported/removed from the United States to Guatemala on August 2, 2012, through New Orleans, Louisiana.  MIRANDA-Velasquez was apprehended a second time on October 24, 2017, in the United States and his previous order of removal was reinstated on October 24, 2017.  MIRANDA-Velasquez was once again physically removed on November 16, 2017, through Houston, Texas. MIRANDA-Velasquez was apprehended a third time on January 14, 2018, in the United States and his previous order of removal was

reinstated on January 14, 2018.  MIRANDA-Velasquez was once again physically removed on January 23, 2018, through Harlingen, Texas. MIRANDA-Velasquez was apprehended a fourth time on July 20, 2018, in the United States and his previous order of removal was reinstated on July 21, 2018.  MIRANDA-Velasquez was once again physically removed on August 9, 2018, through Harlingen, Texas.

6. Criminal records for MIRANDA-Velasquez show he was convicted on July 23, 2018, for 8 U.S.C. § 1325 Illegal Entry and sentenced to three days in jail time served.

7. There is no record of MIRANDA-Velasquez ever applying to the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after MIRANDA-Velasquez's prior deportation/removal.

8.  Based on the foregoing, I believe that there is probable cause that Albin Egidio MIRANDA-Velasquez was deported and removed from the United States and entered or was found to be voluntarily in the United States thereafter, in violation of 8 U.S.C. § 1326(a).  Therefore, I respectfully request that the Court issue the attached criminal complaint charging Albin Egidio MIRANDA-Velasquez with the aforementioned federal offense.

This concludes my Affidavit.

_____
Steven Lee,
Border Patrol Agent


Affidavit submitted by email and attested to
me as true and accurate via video conference
consistent with  Fed. R. Crim. P. 4.1 and
41(d)(3),  this _27__ day of February, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE